IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RON STEIN, and all others similarly situated,

    Plaintiffs,

v.                                                                                    C.A. No.: 1:19-cv-1100

OFFICE DEPOT, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RON STEIN (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, OFFICE DEPOT, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.    This is a collective action by Plaintiff, and others similarly situated, against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

1

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, OFFICE DEPOT, INC., has offices Travis County, Texas.

## THE PARTIES

4.     Plaintiff is an individual residing in Austin, Texas.

5.     Plaintiff, RON STEIN, was employed by Defendant from May of 2016 until on or about September 16, 2019, as an Inside Enterprise Account Manager, whose primary duties were to manage large commercial enterprise sales accounts for the Defendant.

6.     At all times material hereto, Defendant, OFFICE DEPOT, INC., owned and operated a business in Austin, Texas.

7.     Defendant, OFFICE DEPOT, INC., hired and fired the Plaintiff, and others similarly situated; supervised and controlled the work schedule of the Plaintiff and others similarly situated; controlled the conditions of employment of the Plaintiff and others similarly situated; and, determined the rate and method of payment for Plaintiff and others similarly situated.

8.     Defendant, OFFICE DEPOT, INC., was an employer of the Plaintiff,

and others similarly situated, as defined by the Fair Labor Standards Act.

9. Defendant, OFFICE DEPOT, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, OFFICE DEPOT, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, OFFICE DEPOT, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. Plaintiff, and others similarly situated, handled goods and products that were made for, or moving in, interstate commerce, made and received interstate telephone calls, sent and received interstate facsimiles, used the Internet to communicate locations outside the state of Texas.

13. At all times material to this Complaint, Defendant were the employers of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff, and others similarly situated, was dependent upon Defendant for their employment.

14. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant' business activities.   Specifically, Plaintiff, and others similarly situated, performed work relating to the production of oil and gas products for interstate commerce.

15. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services.   Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.   Plaintiff's contract with a representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. Plaintiff re-alleges and incorporates herein paragraphs 1-15, *supra*.

17. Plaintiff, and others similarly situated, 1) worked as "Inside Enterprise Account Managers," or "Global Account Managers" whose primary duties were to manage large commercial enterprise sales accounts for the Defendant; 2) did not hold positions considered as exempt under the FLSA; and, 4) were paid on an hourly, plus commission/bonus basis.

18. The Plaintiff, and others similarly situated, beginning as early as 2016 worked numerous hours for which they were not compensated. Specifically, in order to meet the goal and work guidelines issued by the Defendant, Plaintiff and others similarly situated, worked off the clock. Defendant either knew or should have known Plaintiff and others similarly situated were performing such off the clock work.

19. In addition to the forgoing, Plaintiff, and others similarly situated, were paid bonuses and spiffs which were earned within workweeks wherein Plaintiff and others similarly situated, also worked overtime. Thus, the bonuses and spiffs were not included in the calculation of the regular rate when computing the overtime paid to the Plaintiff, and others similarly situated.

20. Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40

5

in a workweek.

21. The work schedules for the Plaintiff, and all others similarly situated, required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

22. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF OFFICE DEPOT, INC. WHO WERE EMPLOYED AS ENTERPRISE ACCOUNT MANAGERS OR GLOBAL ACCOUNT MANAGERS AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED.

23. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant, are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

24. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

25. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

26. Defendant's policy of not properly paying overtime is company-wide and "Enterprise Account Managers," or "Global Account Managers" employed by

7

Defendant during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

27. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

28. Defendant either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

29. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

30. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

31. As a result of Defendant's unlawful conduct, Plaintiff, and all others similarly situated, are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

32. Plaintiff, and others similarly situated, are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-

of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, RON STEIN, and others similarly situated, demand Judgment against Defendant for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## COUNT II
## RETALIATION UNDER THE FLSA

33. Plaintiff re-alleges and incorporates herein paragraphs 2-15, *supra*.

34. This is an action for brought by Plaintiff against his employer pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.   Plaintiff seek damages

for lost/unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

35. On or about August 15, 2019, Plaintiff approached Defendant and specifically complained that employees were working off the clock and that management knew this was happened.

36. The Defendant responded to the complaint alleged in the foregoing paragraph by asking who was working off the clock and that anyone working off the clock would be fired.

37. Thereafter, on or about September 16, 2019 the Defendant terminated the Plaintiff's employment without sufficient cause.

38. Defendant's stated reason for terminating Plaintiff's employment is false and a pretext for terminating Plaintiff for his complaint about working off the clock and management encouraged that employees work off the clock.

39. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits retaliation. *See* 29 U.S.C. § 215. As a result of Defendant's unlawful actions alleged herein, Plaintiff has been damaged.

40. Defendant's actions as alleged herein were willful and the Defendant failed to act reasonably to comply with the FLSA.

41. As a result of Defendant's unlawful conduct, Plaintiff is entitled to,

without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

42. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

43. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with a representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, OFFICE DEPOT, INC., for the following:

h.  Awarding Plaintiff his lost wages, an award of liquidated damages service awards, and attorneys' fees and litigation expenses as provided by law;

i.  Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

j.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

k.  Ordering Plaintiff be reinstated in his previous position at the same pay rate and benefits he had at the time of his termination.

## JURY TRIAL DEMAND

Plaintiff, RON STEIN, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this November 12, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Megan@rosslawgroup.com


*/s/ Megan E. Evans*
**MEGAN E. EVANS**
Texas Bar No. 24090092

**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**