# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RON STEIN AND ALL OTHERS SIMILARLY SITUATED,** § § | | |
| *Plaintiffs* § | | |
| § | **Case No. A-19-CV-01100-LY** | |
| **v.** § | | |
| § | | |
| **OFFICE DEPOT, INC.,** § | | |
| *Defendant* § | | |

## ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Before the Court are Plaintiff's Motion for Conditional Certification of Collective Action and for Notice to Putative Class Members, filed April 23, 2020 (Dkt. 15), and the related response and reply briefs. On June 24, 2020, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 26. Because conditional certification involves non-dispositive issues, the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g.*, *Mendoza v. AFO Boss, LLC*, 402 F. Supp. 3d 355, 358 (W.D. Tex. 2019); *Esparza v. C&J Energy Servs., Inc.*, No. 5:15-CV-850-DAE, 2016 WL 1737147, at *1 (W.D. Tex. May 2, 2016).

### I.   Background

This is a collective action to recover unpaid overtime under the Fair Labor Standards Act of 1938, as amended ("FLSA"), which establishes federal minimum wage and overtime standards. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 1527 (2013). Pursuant to 29 U.S.C. § 216(b), the FLSA gives employees the right to bring a private cause of action against their

employer on "behalf of himself or themselves and other employees similarly situated." Plaintiff Ron Stein also alleges retaliation by Defendant Office Depot, Inc. under FLSA § 215.

In his Complaint, Stein alleges that he was employed by Office Depot from May 2016 until September 16, 2019, as an Inside Enterprise Account Manager, "whose primary duties were to manage large commercial enterprise sales accounts for Defendant." Dkt. 1 ¶ 5. Stein alleges that, "in order to meet the goal and work guidelines issued by the Defendant, Plaintiff and others similar situated, worked off the clock." *Id.* ¶ 18. Stein alleges that he was paid an hourly rate, plus commissions/bonuses and monetary incentives known as "spiffs," and that Office Depot violated the FLSA by failing to compensate him at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek. Dkt. 1 ¶¶ 17, 19-20.

More specifically, in a declaration submitted in support of his motion, Stein alleges that:

> 6. While I was paid for some overtime, the Defendant's management permitted me to work off the clock through my lunch breaks. However, I was never compensated for those hours worked. I estimate that I worked approximately .75 hours each workday for which I was never compensated.
>
> 7. I worked in excess of 40 hours, I received no further compensation other than the hours recorded by the Defendant. [sic]
>
> 8. In addition to the foregoing, whenever, I worked overtime and also received a commission or spiff, the overtime was always solely based upon my hourly rate. The Defendant never included any commissions or spiffs into the calculation of the overtime paid to me.
>
> 9. During my employment with Defendants, I worked numerous weeks wherein I worked in excess of 40 hours per workweek. On average I estimate that I worked an average of 43 hours per workweek.
>
> 10. My managers were not only aware that I was working, but, in fact, encouraged me and other Inside Enterprise Account Managers to work overtime.

> 11. I am aware of many other Inside Enterprise Account Managers who also worked overtime and were not compensated for their work performed in excess of 40 hours per workweek, with the knowledge and encouragement of management to do so. This was a very common practice of Defendants.

Dkt. 15-2 ¶¶ 6-11. A second plaintiff, Kevin McKenna, submitted a declaration identical to Stein's, except McKenna alleges that he worked for Office Depot as an Inside Enterprise Account Manager from May 2017 until September 24, 2019. Dkt. 15-3.

## II.     Legal Standard

"The remedial nature of the FLSA and § 216 militates strongly in favor of allowing cases to proceed collectively." *Pedigo v. 3003 South Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) (cleaned up). The decision whether to conditionally certify the class and facilitate notice of potential class members "remains soundly within the discretion of the district court." *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 644 (W.D. Tex. 2013).

Although the Fifth Circuit Court of Appeals has declined to adopt a specific test to determine whether a court should certify a class or grant notice in a FLSA § 216(b) action, this Court, like most other federal courts, has adopted the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Pedigo*, 666 F. Supp. 2d at 696-97; *see also Dyson v. Stuart Petrol. Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015). The *Lusardi* test is an *ad hoc* analysis conducted on a case-by-case basis, as described by the Fifth Circuit:

> Under *Lusardi,* the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in

> "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (footnote omitted), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

This case is in the first stage, i.e., the notice stage. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). It is the plaintiff's burden to make the preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Mateos*, 977 F. Supp. 2d at 643-44; *Pedigo*, 666 F. Supp. 2d at 698.

Generally, to meet his or her burden, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects, given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *Laney v. Redback Energy Servs., LLC*, 285 F. Supp. 3d 980, 985 (W.D. Tex. 2018); *Vega v. Point Security, LLC*, A-17-CV-049-LY, 2017 WL 4023289, at *2 (W.D. Tex. Sep. 13, 2017). While the preliminary showing under

the first stage of *Lusardi* is fairly lenient, it must be based on competent evidence in order to avoid allowing unwarranted litigation. *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011).

### III.   Conditional Certification

The Court first must decide whether to conditionally certify Stein's proposed class:

> All current and former Enterprise Account Managers and Global Account Managers employed by Defendant who managed large commercial enterprise sales accounts for the Defendant, and worked in excess of 40 hours in any workweek at any time [ ] during the last three (3) years.

**A.   There Is a Reasonable Basis to Believe that Other Aggrieved Individuals Exist**

To satisfy the first element of the test that courts apply at the initial notice stage of the *Lusardi* analysis, Stein need only show that there is a reasonable basis to credit the assertion that other aggrieved individuals exist. *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). A plaintiff's burden at this stage is low. *Id.*

In his declaration, Stein estimates that Office Depot employs approximately 100 Enterprise Account Managers and Global Account Managers and, with turnover, has employed an estimated 400 such managers in the past three years. Dkts. 15-2 ¶ 12, 15-3 ¶ 12. As noted, both declarants also state that it was a "very common practice" for Inside Enterprise Account Managers to work uncompensated overtime with the knowledge and encouragement of management. *Id.* ¶ 11.

Office Depot submitted evidence that the job titles used in Stein's Complaint and the two declarations are incorrect. Office Depot submitted the Declaration of Lorena DeZeeuw, an HR Business Partner who has worked for Defendant since 2011, in which DeZeeuw states that neither Stein nor McKenna "ever held the title of Enterprise Account Manager or Global Account Manager, which are both salaried, exempt positions, not inside sales positions." Dkt. 20-1 ¶ 7.

5

Rather, DeZeeuw states, both plaintiffs held the job title of ISR-Enterprise, meaning they were employed as inside sales representatives ("ISRs"). *Id.* ¶¶ 3, 7. She states that: "ISRs are hourly employees who are expected to work a regular schedule of 40 hours per week with a daily one-hour unpaid meal break. All weekly hours worked over 40 are paid at one and one-half times the employee's regular rate of pay." *Id.* ¶ 5. DeZeeuw further avers that 51 individuals currently hold the ISR-Enterprise title. *Id.* ¶ 6.

The record as a whole, including the declarations of Stein, McKenna, and DeZeeuw, support a finding that there is a reasonable basis to believe Stein's assertion that other aggrieved individuals exist, albeit with the ISR-Enterprise job title. The Court finds that the first element of the *Lusardi* test is satisfied.

**B. Stein Has Not Demonstrated a Reasonable Basis To Believe that a Class of Similarly Situated Persons Exists**

To meet the second element of the *Lusardi* test, a plaintiff must demonstrate a reasonable basis for believing that a class of "similarly situated" persons exists. *See Heeg*, 907 F. Supp. 2d at 862. Courts consider whether aggrieved individuals are similarly situated "in relevant respects given the claims and defenses asserted." *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). To satisfy the "similarly situated" standard, a plaintiff must show "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mateos*, 977 F. Supp. 2d at 643 (quoting *Mooney*, 54 F.3d at 1214 n.8)). In wage and hour cases such as this one, a plaintiff must show that proposed class members are both "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Pedigo*, 666 F. Supp. 2d at 700. Thus, the relevant inquiry for the Court is whether the proposed class members performed the same basic tasks as part of

their employment and were subject to the same pay decisions, policies, or practices. *See Tice*, 826 F. Supp. 2d at 996.

This does not mean that employees must be similarly situated in "each and every aspect" of their employment. *Id.* Rather, a plaintiff must show that there are "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). Ultimately, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy or practice." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

In their declarations, Stein and McKenna allege that Office Depot's management permitted them to work without compensation through their lunch breaks, totaling approximately .75 hours each workday; that they worked an average of 43 hours each workweek; and that management knew and encouraged them to work uncompensated overtime. Such declarations are probative at this stage of the proceeding. *See, e.g.*, *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 764 (N.D. Tex. 2013) (finding it reasonable to infer at notice stage that employees "had personal knowledge of the employment conditions of other [employees] based upon their own observations and experiences during their employment"); *Dyson*, 308 F.R.D. at 514 (finding that affiant acquired personal knowledge of company's practices "by way of his own employment with the company, as well as specifically inquiring of other workers concerning their experiences").

The relevant payment provisions are not in dispute to the extent that both parties agree Stein and McKenna worked in jobs that were compensated hourly. With respect to the relevant job requirements of the proposed class, however, Stein says little. In his Complaint, he alleges that, "in order to meet the goal and work guidelines issued by the Defendant, Plaintiff and others

7

similarly situated, worked off the clock." Dkt. 1 ¶ 18. He further alleges that: "The work schedules for the Plaintiff, and all others similarly situated, required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks." *Id.* ¶ 21. But Stein identifies neither the relevant goal and work guidelines nor how the employee schedules required more than 40 hours of work weekly. The evidence thus fails to draw a nexus between the job duties of managing large commercial enterprise sales accounts and the alleged requirement to work uncompensated overtime.

As stated above, a plaintiff must show that proposed class members are similarly situated in terms of their job requirements. Although the standard at this stage of the *Lusardi* analysis is lenient, the "similarly situated" inquiry is intended to promote "the efficient resolution of common issues of law and fact arising from the same alleged discriminatory activity." *West v. Phelps Dodge Refining Corp.*, No. EP-07-CA-197-FM, 2009 WL 10700216, at *9 (W.D. Tex. Jan. 27, 2009); *see also id.*, 2008 WL 11411266, at *8 (W.D. Tex. July 31, 2008) (finding affidavits "simply too vague to warrant the certification of this cause as a collective action").

Here, Stein does not explain how the goals, work guidelines, or work schedules for the class of ISR-Enterprise employees required them to work more than 40 hours per week without compensation, or how management encouraged them to work uncompensated overtime. His allegations are simply too vague to reach a conclusion that the proposed class members performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices. Without more "identifiable facts," the Court cannot conclude that the proposed class members are similarly situated, such that hearing the cases together would promote judicial efficiency. *See Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at *3 (W.D. Tex. Aug. 29, 2016) (citing *McKnight*, 756 F. Supp. 2d at 801).

## IV.    Conclusion

Stein has failed to satisfy the *Lusardi* analysis by demonstrating a reasonable basis for believing that a class of "similarly situated" persons exists. Therefore, it is hereby **ORDERED** that Plaintiff's Opposed Motion for Conditional Certification and Notice to the Putative Class Members (Dkt. 15) is **DENIED WITHOUT PREJUDICE**. Stein has until **AUGUST 25, 2020** to file an amended Motion for Conditional Certification of Collective Action and for Notice to Putative Class Members addressing the deficiencies discussed above.

**SIGNED** on June 25, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE